# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. | ) |
| MATTHEW CARMICHAEL | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 07 C 6884 |
| v. | ) |
| | ) |
| TERRY McCANN, Warden, | ) |
| Stateville Correctional Center, | )  Wayne R. Andersen |
| | ) District Judge |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of respondent Terry McCann to dismiss the petition for writ of habeas corpus filed by petitioner Matthew Carmichael. For the reasons set forth below, the motion to dismiss is granted and this case is terminated.

## BACKGROUND

Petitioner Matthew Carmichael is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. Following a jury trial in the Circuit Court of Cook County, Carmichael was convicted on April 20, 2001 of first degree murder and attempted murder stemming from his shooting at a group of individuals on Chicago's south side. Rule 23 Order, *People v. Carmichael*, No. 1-01-2564 (Ill. App. Ct. 2003). Carmichael was then sentenced to concurrent terms of 35 and 30 years of imprisonment. *Id.* Carmichael filed an appeal in the Illinois Appellate Court, which affirmed his conviction and sentence on June 26, 2003. *Id.* Carmichael did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court, or a petition for a writ of certiorari in the United States Supreme Court.

On May 10, 2004, Carmichael filed a petition for post-conviction relief in the Circuit Court of Cook County. Rule 23 Order, *People v. Carmichael*, No. 1-05-0097 (Ill. App. Ct. 2006). The petition was denied as frivolous and without merit on June 17, 2004. *Id.* The Illinois Appellate Court affirmed the denial of Carmichael's post-conviction petition on June 30, 2006, and the Illinois Supreme Court denied Carmichael's PLA on November 29, 2006. *Id.*; Order Denying PLA, *People v. Carmichael*, No. 103184 (Ill. 2006). On December 6, 2007, Carmichael filed a petition for writ of habeas corpus in this court alleging that he was denied his Sixth Amendment right to effective assistance of counsel. Carmichael's petition alleges that his attorney failed to call witnesses, failed to investigate, and failed to provide an adversarial defense. Respondent McCann filed a motion to dismiss the petition as untimely.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking habeas corpus relief to file a petition within one year after the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Illinois, the judgment of a court of review is final on the day in which the decision is entered. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563 (1981)).

Respondent argues that Carmichael's petition for a writ of habeas corpus is time-barred by the one year statute of limitations found in the AEDPA. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the statute of limitations period begins at the occurrence of one of four events:

(A) the date on which the judgment becomes final by conclusion of direct review or the expiration of the time for seeking review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date in which the factual predicate of the claim or claims presented could have been discovered through the exercise due diligence.

*Id.* The AEDPA also contains a tolling provision which states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." 28 U.S.C. § 2244(d)(2).

The first issue related to the timeliness of Carmichael's petition is the date from which the limitations period began to run. Carmichael does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. (Although Carmichael alleges that the instructions for filing a petition for habeas corpus that were distributed at the prison did not specifically list the applicable statute of limitations, he does not allege any deceit on the part of the State that prevented him from filing a timely petition.) Therefore, the date on which petitioner's conviction became final is the date that began the limitations period. 28 U.S.C. § 2244(d)(1)(A)-(D). The judgment in Carmichael's case became final 21 days after June 26, 2003, the date upon which the Illinois Appellate Court affirmed Carmichael's convictions and sentences, because that is the date upon which his time to file a PLA or an affidavit of intent to file a PLA in the Illinois Supreme Court expired. *See* Ill. S. Ct. R. 315(b)(2003)(the rule in effect at the time gave parties 21 days to appeal, but has since been amended to allow 35 days); *see also Graham v. Chandler*, No. 07-2080, 2007 U.S. Dist. LEXIS 76667, at *3 (C.D. Ill. Oct. 16. 2007); *Hughes v. McCann*, 521 F. Supp. 2d 750, 753 (N.D. Ill. 2007). Accordingly, Carmichael's judgment became final on July 17, 2003, and he was required to file his habeas petition on or before July 19, 2004.

However, Carmichael filed a postconviction petition in the Circuit Court of Cook Count in May 10, 2004, and as noted above, the limitations period is tolled during the pendency of a properly filed application for postconviction relief. 28 U.S.C. § 2244(d)(2). Assuming that Carmichael properly filed his postconviction petition in state court, the limitations period was tolled from that date until November 29, 2006, when Carmichael's PLA was denied. Carmichael is not entitled to toll the 90 days in which he could have filed a petition for writ of certiorari in the United States Supreme Court. *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002)(citing *Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000)). Therefore, because 298 days lapsed between July 17, 2003 and May 10, 2004, when Carmichael's postconviction petition was filed, he had 67 days from November 29, 2006 to file a timely petition for habeas corpus in this court. Accordingly, Carmichael's petition must have been filed by February 5, 2007. Instead, Carmichael filed the instant petition on December 6, 2007, well after the limitations period had expired. (Even if we apply the mailbox rule and presume that Carmichael gave his habeas petition to the prison official on the same date that he signed it, November 27, 2007, the petition is still untimely.) Accordingly, Carmichael's petition must be dismissed as untimely unless we determine, as Carmichael requests, that the statute of limitations should be equitably tolled.

Under the doctrine of equitable tolling, a court may toll the statute of limitations period to benefit an otherwise untimely litigant. However, in order to trigger equitable tolling, Carmichael must demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance prevented the timely filing of his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Excamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005). The threshold to trigger equitable tolling is very high, and a claim of excusable neglect or a run-of-the-mill claim of ignorance is not sufficient to invoke equitable tolling of the limitations period. *See*

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999)(citing *United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1039 (N.D. Ill. 1998)). Rather, Carmichael must demonstrate that "extraordinary circumstances outside of [his] control prevent[ed] timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).

To date, neither the Supreme Court or the Seventh Circuit have identified any factual circumstances that would justify equitable tolling of the AEDPA's statute of limitations. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)(citations omitted). Accordingly, in light of the limited circumstances under which equitable tolling is permitted, Carmichael is not entitled to toll the period of time in which his post-conviction proceedings were pending. First, Carmichael cannot show that he has been diligently pursuing his rights. He failed to file a PLA in the Illinois Supreme Court following the Illinois Appellate Court's affirmance of his conviction on direct appeal. Additionally, he let 298 days elapse before he filed his postconviction petition in state court, and then let another 363 days elapse between the conclusion of his state postconviction proceedings and the filing of his federal habeas petition.

Further, Carmichael has not alleged any extraordinary circumstances that stood in the way of his timely filing this petition. Carmichael claims that he is entitled to equitable tolling because, although he was aware of the one year statute of limitations in the AEDPA, he did not know that the time period between the final disposition of his direct appeal and the filing of his post-conviction petition counted against the one year deadline and that the attorney that handled his direct appeal and withdrew from his case never informed of this fact. Additionally, Carmichael claims that the prison law clerk provided him with erroneous information regarding the statute of limitations rules, that he was prevented from accessing materials in the prison law

library that would have allowed him to learn how the statute of limitations period was calculated, and that the instructions the prison gives to inmates regarding the filing of a habeas corpus petition do not advise prisoners of the limitations period.

However, the Seventh Circuit has repeatedly held that similar claims regarding poor legal advice, lack of access to relevant materials, and ignorance of the law do not justify equitable tolling. *See Johnson v. Chandler*, 224 Fed. App'x 515, 519 (7th Cir. 2007)(gathering cases); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)(The general rule, which has been "applied repeatedly to habeas corpus petitioners" is that "even reasonable mistakes of law are not a basis for equitable tolling."); *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcripts did not warrant tolling); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2002)(attorney's nonresponsiveness and prisoner's ignorance of the law did not warrant equitable tolling); *see also Jones v. Morton*, 195 F.3d 1253, 160 (3d Cir. 1999) (prisoner's misunderstanding of AEDPA's exhaustion requirement does not excuse failure to comply with statute of limitations). Therefore, we find that because Carmichael did not diligently pursue his rights and because none of his stated reasons for his untimeliness constitute extraordinary circumstances, Carmichael is not entitled to equitable tolling and his petition for habeas relief should be dismissed.

## <u>CONCLUSION</u>

Carmichael's petition for writ of habeas corpus is time-barred by 28 U.S.C. § 2244(d), and Carmichael has not presented an adequate rationale for tolling the statute of limitations period. For the foregoing reasons, the motion to dismiss the petition [17] is granted.

Furthermore, Carmichael's motion to strike [25] and amended motion to strike [30] are dismissed as moot.  This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:  January 6, 2009